## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| GFR Media<br>Plaintiff<br><br>V.<br><br>United Steelworkers, AFL-CIO-<br>CLC, Local 6135<br>Defendant | Civil No.<br><br>Notice of removal pursuant to Section 301 of the LMRA. Re: Employer's petition to vacate arbitration award issued by Jorge E. Rivera Delgado in case no. A-22-294 filed in the First Instance Court of Puerto Rico, San Juan Part, Case No. SJ2024CV11690 |

### NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW the defendant, United Steelworkers (hereinafter referred to as "the Union" or "defendant") through the undersigned counsel to remove this action now pending before the courts of the Commonwealth of Puerto Rico, First Instance Court, San Juan Part, Case No. SJ2024CV11690, to the United States District Court for the District of Puerto Rico. In support to this request defendant further shows:

1. Plaintiff, GFR Media (hereinafter referred to as "plaintiff", "management" or "the employer") is an employer as defined by the Labor Management Relations Act. 29 U.S.C. §152(2).

2. Defendant, the United Steelworkers, is a labor organization representing employees in an industry affecting

commerce. As such, the Union is a labor organization as defined by the Labor Management Relations Act. 29 U.S.C. §152(5).

3. At all times relevant to this action plaintiff and the Union were parties to a collective bargaining agreement (hereinafter referred to as the "CBA") under which a grievance was filed to demand from the employer additional compensation pursuant to the mechanization clause of the CBA for two Union members terminated -allegedly- for economic reasons. The grievance was processed and the employer questioned the arbitrability of the grievance on procedural grounds. The parties agreed to submit the arbitrability issue to a final and binding arbitration in the case of <u>GFR Media and United Steelworkers, AFL-CIO-CLC</u>, Case No. A-22-294.

4. The parties agreed the issue to be submitted to the arbitrator. The parties asked the arbitrator to determine whether the grievance was procedurally arbitrable pursuant to the Collective Bargaining Agreement and the applicable law. The parties also requested that if the arbitrator found the grievance not arbitrable, the arbitration case be dismissed and closed with prejudice. The parties further requested the arbitrator to schedule a hearing to resolve the grievance on the merits the arbitrator found the grievance arbitrable. On 27 November 2024, after receiving briefs from the parties and a reply brief from

the plaintiff, the Arbitrator, Jorge E. Rivera Delgado, issued an award (hereinafter referred to as the "Award") concluding that the grievance was arbitrable.

5. On 26 December 2024, plaintiff filed a Petition for Review of the Award in the courts of the Commonwealth of Puerto Rico, specifically, the First Instance Court, San Juan Part, in the case GFR Media v. United Steel Workers Local 6135, AFL-CIO-CLC, Case No. SJ2024CV11690. By means of its petition, plaintiff seeks to vacate the Award and ultimately avoid the resolution of a labor dispute on the merits arguing that the Arbitrator committed three errors. Plaintiff argues that the arbitrator erred because he (1) found that the grievance was arbitrable on procedural grounds; (2) adopted the cognitive theory of damages; and (3) exceeded his powers. Thus, the employer's petition for review clearly hinges on the interpretation of the CBA inasmuch in order for the Court to determine if it can vacate the Award, it must interpret and analyze the terms of the CBA.

6. Therefore, removal of this civil action is proper since this Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Section 301 of the LMRA completely preempts state law claims over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry

3

affecting commerce." 29 U.S.C. § 185(a)[1]. Actions arising under section 301 are controlled by federal substantive law even though they are brought in a state court. See Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 560, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968). See also Katir v. Columbia University, 821 F. Supp. 900, 901 (S.D.N.Y. 1993)("An action to vacate an arbitration award falls within" Section 301 of the LMRA, 29 U.S.C. § 185) affirmed, 15 F.3d 23(2nd Cir. 1994); Santiago Sánchez v. Gate Engineering, Corp., 193 F. Supp. 2d 392 (D.P.R. 2002); Espino v. Volkswagen de Puerto Rico, 289 F. Supp. 979 (D.P.R. 1968). Section 301 of the Labor Management Relations Act allows a "[s]uit for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). Furthermore, a state law claim implicating rights and duties under a CBA is preempted under §301 if it basically is a claim of rights under the CBA. See Asociación de Empleados v. Unión Internacional, 559 F.3d 44 (1st Cir. 2009) Fant v. New England Power Service Co., 239 F.3d 8, 14 (1st Cir. 2001). Section 301 preempts state-law claims if they require an interpretation of a collective bargaining agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 409 (1988).

7. The United States Court of Appeals for the First Circuit has interpreted that Section 301 preemption exists if "a court, in passing upon the claim, would be required to interpret the collective bargaining agreement. In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement." Filbote v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997).

8. Section 301 has "authoritatively been held to grant jurisdiction to the federal courts to determine whether or not an arbitrator, acting pursuant to a collective bargaining agreement, exceeded [her] authority in making an award." Procter & Gamble Mfg. Co. v. Independent Oil and Chemical Workers, 386 F.Supp. 213, 215(D.C. Md. 1974). See also Ramos Santiago v. UPS, 2006 WL 538813 (D.P.R.)(Finding that section 301 (a) created subject matter jurisdiction over an action to vacate an arbitration award). See Ramos Santiago v. UPS, 24 F.3d 120 (1st Cir. 2008).

9. A case may be removed to federal court if it presents a "claim or right arising under the Constitution, treatise or laws of the United States." 28 U.S.C. § 1441(b). Furthermore, unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the

defendant to the District Court of the United States. 28 U.S.C. § 1441(a). Therefore, removal of this action is not only proper, it is also timely: 30 days have not elapsed since plaintiff's petition for review was served on defendant. 28 U.S.C. § 1446(b).

10.  The pleadings served upon defendant in this case is the employer's petition for review with its appendix which includes the following exhibits: (1) the arbitration award in case A-22-294; (2) the notice of the arbitration award; (3) lay off letter addressed to Javier Cruz Jorge; (4) lay off letter addressed to Ángel Rivera Santiago; (5) the Collective Bargaining Agreement; (6) severance payment stub of Ángel Rivera Santiago; (7) severance payment stub of Javier Cruz Jorge; (8) email dated 21 September 2021 from Miguel Patiño Lorenzo to María Soledad López Latoni; (9) employer's response issued by Francisco Brigantty, Chief Operations Officer and addressed to Anardy Martínez, then president of Local 6135 of the United Steelworkers; (10) joint motion submitting stipulations dated 13 May 2024; (11) Employer's brief to the arbitrator; (12) Union's brief to the arbitrator with exhibits; and (13) employer's reply brief dated 21 de June 2024. On this same date the Union will file, through the electronic system SUMAC, a Motion to the First Instance Court of Puerto Rico, San Juan Part, in Case No. SJ2024CV11690, informing that a notice of removal has been filed.

WHEREFORE, the Union hereby removes the action captioned <u>GFR</u> <u>Media v. United Steelworkers AFL-CIO-CLC, Local 6135</u>, Case No. SJ2024CV11690 from the First Instance Court of Puerto Rico, San Juan Part to the United States District Court for the District of Puerto Rico under the authority of 28 U.S.C. § 1441, and pursuant to the procedures provided in 28 U.S.C. § 1446.

Respectfully submitted.

In San Juan, Puerto Rico, this 22nd day of January 2025.

### Certificate of Service

I hereby certify that on this same date I sent a true and exact copy of this document to Fernando A. Baerga Ibáñez, Esq., via electronic mail to fbaerga@bqlawoffices.com.

In San Juan, Puerto Rico, this 22nd day of January 2025.

/s/ Manuel A. Rodríguez Banchs
MANUEL A. RODRÍGUEZ BANCHS
USDC-PR No. 216208
manuel@rodriguezbanchs.com

RODRÍGUEZ BANCHS, CSP
PO Box 368006
San Juan, PR 00936-8006
Tel. (787) 764-8896