**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GFR Media<br>Plaintiff<br><br>v.<br><br>United Steelworkers, AFL-CIO-CLC, Local 6135<br>Defendant | Civil No.3:25-cv-01040 |

**ANSWER TO COMPLAINT AND COUNTERCLAIM OF DEFENDANT UNITED STEELWORKERS AGAINST GFR MEDIA**

TO THE HONORABLE COURT:

COMES NOW Defendant through the undersigned counsel to answer the Complaint in this action, and set forth its affirmative defenses and counterclaim.

I. INTRODUCTION. No responsive pleading from the Union is required to address Plaintiff's Introduction as set forth in the paragraphs of section I of the Complaint. To the extent that a responsive pleading is deemed necessary, the Defendant denies the allegations as set forth in the Introduction.

II. JURISDICTION AND VENUE. No responsive pleading from the Union is required to address Plaintiff's statement of Jurisdiction and Venue as set forth in section II of the Complaint. To the extent that a responsive pleading is deemed necessary, the Defendant denies the paragraphs of the section entitled Jurisdiction and Venue. The jurisdiction of the United States District Court for

1

the District of Puerto Rico to hear this action is pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Section 301 of the LMRA completely preempts state law claims over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a)[1]. Actions arising under section 301 are controlled by federal substantive law even though they are brought in a state court. Plaintiff and defendant are parties to a Collective Bargaining Agreement in Puerto Rico.

III. ARBITRATION AWARD SOUGHT TO BE VACATED. No responsive pleading from the Union is required to address the Arbitration Award to be Vacated as set forth in the paragraph of section III of the Complaint. To the extent that a responsive pleading is deemed necessary, the Defendant denies Section III of the Complaint. It is Admitted that the Arbitration Award challenged was issued by Arbitrator Jorge E. Rivera Delgado in the case of <u>United Steel Workers AFL-CIO-CLC v. GFR Media</u>, Case No. A-22-294, before the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources.

IV. FACTUAL AND PROCEDURAL BACKGROUND. Denied.

V. ERRORS. Denied.

VI. JUDICIAL REVIEW OF ARBITRATION AWARDS. Denied.

VII. ARGUMENT. Denied.

VII. [*Sic.*] REQUESTED RELIEF. No responsive pleading from the Union is required to address Plaintiff's prayer for relief as set forth in the Complaint. To the extent that a responsive pleading is deemed necessary, Defendant denies that Plaintiff is entitled to any of the relief sought.

## COUNTERCLAIM

1. This counterclaim seeks confirmation of an arbitration award issued in accordance with the collective bargaining agreement between the parties, pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

2. Plaintiff, GFR Media (hereinafter referred to as "plaintiff", "management" or "the employer") is an employer as defined by the Labor Management Relations Act. 29 U.S.C. §152(2).

3. Defendant, the United Steelworkers (hereinafter referred to as "defendant", or "the Union"), is a labor organization representing employees in an industry affecting commerce. As such, the Union is a labor organization as defined by the Labor Management Relations Act. 29 U.S.C. §152(5).

4. At all relevant times, the Employer and the Union have been parties to a collective bargaining agreement ("CBA") covering the terms and conditions of bargaining unit employees (a true

and correct copy of the CBA is attached to Plaintiff's Complaint as Appendix V).

5. Pursuant to the CBA, the parties agreed to a grievance and arbitration procedure for the resolution of disputes for the violations of the CBA.

6. The third step of the grievance and arbitration procedure provides for final and binding arbitration before the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico. See Appendix V of Plaintiff's Complaint.

7. The parties submitted to arbitration a grievance filed by the Union involving two union members, Javier Cruz Jorge and Ángel Rivera Santiago, who received a severance payment pursuant to Article 19 of the CBA on 23 August 2021, a year after their lay off for alleged economic reasons. Both, Cruz Jorge and Rivera Santiago were on a recall seniority list for a period of one year after their lay off which took place on 20 August 2020.

8. On 20 September 2021, Cruz Jorge became aware that there were subcontracted employees performing electrical duties, the work he performed as a member of the bargaining unit. Cruz Jorge contacted Mr. Anardy A. Martinez, then president of Local 6135 of the United Steelworkers to let Mr. Martínez know about the subcontracted work.

9. On 21 September 2021, Mr. Martinez activated the first step of the grievance and arbitration procedure, alleging that the payment to Messrs. Rivera Santiago and Cruz Jorge should have been calculated pursuant to Article 20 of the CBA, that is the Mechanization and Other Improvements Clause and not pursuant to Article 19 of the CBA, the Severance Clause.

10. Article 19 of the CBA states in its pertinent part that "any employee dismissed for any reason other than the commission of a criminal act, serious insubordination or gross negligence in his/her work will receive a lump sum equivalent to eighty-five (85) hours for every six (6) months or fraction thereof of continuous service with the Company up to a maximum of thirty-three (33) weeks during the term of the Agreement." [Translation ours.]

11. Article 20 of the CBA on the other hand states that "if, due to the introduction by the Company of mechanical innovations or <u>new methods of any phase of the work of the employees covered by this Agreement, positions and/or employees covered by this Collective Agreement are eliminated</u>, the Company will compensate each employee terminated due to such mechanization, automation, innovations and introduction of new methods, with an amount of one hundred and forty (140) hours for each year or fraction of a year greater than three (3) months that he/she

5

has worked for the Company up to a maximum of twenty-two (22) years during the term of the Agreement, plus the annual vacations to which he/she is entitled and in addition to any other benefit provided for in the Collective Bargaining Agreement in effect on the date on which the termination occurs." [Emphasis added. Translation ours.]

12. The parties designated Arbitrator Jorge E. Rivera Delgado ("Arbitrator") of the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico to hear the dispute and make a "binding" award in accordance with the CBA.

13. The evidentiary hearing in the arbitration case was scheduled for 10 October 2024. Nevertheless, the employer raised an arbitrability issue and the parties agreed to submit to the arbitrator the question of procedural arbitrability before hearing the case on the merits. The issue agreed by the parties and submitted to the arbitrator was to determine whether the grievance was procedurally arbitrable in accordance with the Collective Bargaining Agreement and applicable law. If it was found not arbitrable, the case was to be dismissed and closed with prejudice. If it was found to be arbitrable, once the arbitrator's decision became final, a hearing will be scheduled to decide the arbitration case on the merits.

14. Instead of presenting evidence, on 13 May 2024, the parties filed a joint motion with a stipulation of facts and on 12 June 2024 the parties filed their briefs with their respective arguments. The employer filed a reply to the Union's brief on 21 June 2024.

15. On 27 November 2024, Arbitrator Rivera Delgado issued his Opinion and Award, titled "Resolution" finding the Union's grievance arbitrable. The Arbitrator stated in the award in regards to the burden of proof, that Article IX of the Regulations for the Internal Order of the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico provides that in the event that one of the parties alleges that the dispute is not arbitrable, it must include said allegation in its submission project and will bear the burden of proof.

16. The Arbitrator acted within the scope of his authority in issuing the Award and the Award was based on the application of the CBA and drew its essence from the CBA.

17. The Award was not procured through fraud, dishonesty, corruption, or other undue means, nor did the Arbitrator possess any bias or partiality in issuing the Award.

18. The Employer has refused to comply with the Award without justification and, instead, has filed suit in the Puerto Rico

courts to vacate the Award. The action filed by the employer has been removed to this Court in the instant action.

19. The Union has been damaged by the Company's refusal to comply with the Award in violation of the CBA and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## PRAYER FOR RELIEF

WHEREFORE, the Union respectfully requests that the Court:

a. Dismiss the Employer's Complaint with prejudice;

b. Find that the Employer has breached the parties' collective bargaining agreement and 29 U.S.C. § 185(a) by refusing to comply with the Award;

c. Order the Employer to immediately comply with the Award;

d. Award reasonable attorney's fees and costs of the litigation to the Union;

e. Issue any other relief as may be just and proper.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of January 2025.

/s/ Manuel A. Rodríguez Banchs
MANUEL A. RODRÍGUEZ BANCHS
USDC-PR No. 216208
manuel@rodriguezbanchs.com

RODRÍGUEZ BANCHS, CSP
PO Box 368006
San Juan, PR 00936-8006
Tel. (787) 764-8896

**Certificate of Service**

I hereby certify that on this same date a true and exact copy of the foregoing document has been filed using the CM/ECF system and that I sent a true and exact copy of this document to Fernando A. Baerga Ibáñez, Esq., via electronic mail to fbaerga@bqlawoffices.com.

In San Juan, Puerto Rico, this 28th day of January 2025.

/s/ Manuel A. Rodríguez Banchs
MANUEL A. RODRÍGUEZ BANCHS
USDC-PR No. 216208